**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02762-NYW

VERONICA AZUCENA ORTIZ-LEDESMA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion to Enforce Order (the "Motion" or "Motion to Enforce"). [Doc. 11]. Respondents have responded to the Motion. [Doc. 15]. Petitioner did not file a reply brief, and the time to do so has elapsed. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Petitioner Veronica Azucena Ortiz-Ledesma ("Petitioner" or "Ms. Ortiz-Ledesma") is a citizen of Mexico who entered the United States in 2002. [Doc 1 at ¶ 20]. On January 3, 2026, Ms. Ortiz-Ledesma was detained by Immigration and Customs Enforcement ("ICE") after being stopped for a traffic violation in Wyoming. [*Id.* at ¶¶ 2, 21]. The Department of Homeland Security ("DHS") placed her in removal proceedings, and she remains in custody at the ICE Aurora Contract Detention Facility. [*Id.* at ¶¶ 1, 22]. On June 19, 2026, Ms. Ortiz-Ledesma filed a Petition for Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 (“Petition”), raising three claims, including that Respondents violated 8 U.S.C. § 1226(a) by improperly subjecting her to mandatory detention under 8 U.S.C. § 1225(b)(2). [*Id.* at ¶ 33]. On July 24, 2026, after Respondents filed a response to the Petition, this Court determined that Ms. Ortiz-Ledesma was detained pursuant to 8 U.S.C. § 1226(a), such that she was entitled to a bond hearing. [Doc. 9 at 4–7]. The Court granted the Petition in part and ordered Respondents to provide Ms. Ortiz-Ledesma a bond hearing at which the Government had the burden of justifying her continued detention by clear and convincing evidence. [*Id.* at 8–9].

A bond hearing was held on July 31, 2026. [Doc. 11 at 2]. DHS submitted an “unauthenticated I-213 . . . and a copy of the [immigration judge’s (“IJ”)] decision on Petitioner’s application for relief,” and argued that Ms. Ortiz-Ledesma was “a significant flight risk” because her only relief application—cancellation of removal—was denied in April 2026 and a removal order was automatically entered when the date for her post-conclusion voluntary departure had passed. [*Id.* at 3; Doc. 11-1 at 7–18; Doc. 18 at 1:52–2:21]. DHS further argued that Ms. Ortiz-Ledesma had “no other available relief” and her success on appeal to the Board of Immigration Appeals (“BIA”) is “speculative.” [Doc. 18 at 2:21–30]. Ms. Ortiz-Ledesma submitted “119 pages of evidence” and argued that she was not a flight risk or a danger to the community. [Doc. 11 at 3; Doc. 11 at 3; Doc. 11-1 at 19–137; Doc. 18 at 3:00–6:12].

The IJ orally denied bond, noting that, although Ms. Ortiz-Ledesma had a “large support network,” she “did not have a particularly strong case for cancellation of removal, which is the reason it was denied. And looking forward, the court feels that the likelihood of [her] appeal being granted is slim to none.” [Doc. 18 at 6:15–48]. The IJ then noted

that she would "expound more on that" in the order. [*Id.* at 7:02–06]. The written order stated only that bond was "Denied, because flight risk." [Doc. 11-1 at 1].

On August 18, 2026, Petitioner filed the instant Motion to Enforce, arguing that her continued detention based on the bond hearing "violates both this Court's Order and fundamental due process." [Doc. 11 at 1]. Respondents do not contest this position, stating instead that they "are not submitting a brief in opposition to the Motion." [Doc. 15 at 1]. Respondents "recognize that the Court may then decide to grant the Motion and award appropriate relief." [*Id.*]. Respondents assert that the appropriate relief would be a new bond hearing, [*id.* at 1–2], whereas Petitioner argues that the Court should order her immediate release, [Doc. 11 at 1, 8–9].

## ANALYSIS

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which [s]he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not

preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. Apr. 6, 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent [her] from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Ms. Ortiz-Ladesma argues, among other things, that the IJ "did not make the individualized determination required by due process and by this Court's habeas order," [Doc. 11 at 7], and the Court agrees. At the bond hearing, the IJ denied bond, explaining that Ms. Ortiz-Ledesma's is a "flight risk" because her likelihood of success on her appeal to the BIA was "slim to none." [Doc. 18 at 6:15–48; Doc. 11-1 at 1]. This line of reasoning, however, "would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials." *Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2 (D. Colo. July 17, 2026). "The existence of a removal order does not obviate the IJ's obligation to make an individualized determination," *Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026), and by relying on the mere fact that Ms. Ortiz-Ledesma is currently in removal proceedings before the BIA, the IJ created "a categorical presumption of flight risk, which is the opposite of an individualized assessment." *D.Y.E.H.*, 839 F. Supp. 3d at 1184. The IJ's categorical approach does not comply with due process requirements. *See de Souza Almeida*, 2026 WL 2943125, at *3 (recognizing that "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not" meet due process requirements (cleaned up)).

"Although an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). Here, although the IJ briefly acknowledged Petitioner's "large support network," she did not provide any reasoned explanation for denying bond beyond her reliance on what is essentially a presumption of flight risk that could be assigned to a

great number of immigration detainees, which "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega*, 2026 WL 2671677, at *4 (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances"). Because the IJ did not make the individualized determination that due process requires, the Motion to Enforce is **GRANTED**.

Turning to the appropriate relief, Ms. Ortiz-Ledesma asks for an order granting her immediate release. [Doc. 11 at 8–9]. Respondents "submit that the Court should issue an order that directs a new bond hearing before the immigration court," with no supporting argument. [Doc. 15 at 1–2].

The Court finds that immediate release is appropriate under the circumstances of this case. In its prior order, the Court directed Respondents to provide Ms. Ortiz-Ledesma a bond hearing and ordered that, if Petitioner was not given a bond hearing, she "must be immediately released from detention." [Doc. 9 at 7–8]. Implicit in the Court's ordering of a bond hearing is that the bond hearing must comply with constitutional requirements. And even after this Court ruled that Petitioner's constitutional rights had been violated because she was detained without a bond hearing, *see* [*id.* at 5–6], her due process rights were violated *again* at the bond hearing. Ordering another bond hearing and risking a third constitutional violation "would only add further insult to the constitutional injury to which Petitioner has already been subjected." *Quiroz Zacarias*, 2026 WL 1092162, at *5. *See also Singh*, 2026 WL 2077483, at *3 (ordering the petitioner's immediate release in

similar circumstances); *de Souza Almeida*, 2026 WL 2943125, at *6 (same). In this case, the Court finds that immediate release is appropriate and warranted.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce Order [Doc. 11] is **GRANTED**;

(2) Respondents **SHALL RELEASE** Ms. Ortiz-Ledesma within **24 hours** of the entry of this Order with all of her belongings and **WITHOUT** being subject to any conditions beyond any prior conditions of supervision or release. Respondents shall provide Petitioner all necessary identity and travel documents to return to her primary address;

(3) Respondents are **ENJOINED** from re-detaining Petitioner prior to the entry of a final order of removal unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community;

(4) On or before **November 25, 2026**, the Parties **SHALL FILE** a joint status report confirming Ms. Ortiz-Ledesma's release and informing the Court whether further proceedings are required in this case. To the extent that any conditions are placed on Petitioner's release, Respondents **SHALL** including documents evidencing the legal justification for such conditions, such as a prior order of conditions of release or a transcript of a bond hearing during which the Government carried its burden of establishing by clear and convincing evidence that such release condition was warranted.

DATED: November 19, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge